Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Shahnaz Zarif

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shahnaz Zarif**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Enhanced Recovery Company, LLC**, a limited liability company,<br><br>Defendant. | Case No. '17 CV 0947 LAB WVG<br><br>**Complaint**<br><br>Jury Trial Demanded |

## Introduction

1.  Shahnaz Zarif ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Enhanced Recovery Company, LLC ("Defendant"), and their agents with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2.  For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

Complaint—1

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 47 U.S.C. § 227, 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the following: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), and the common law tort of Invasion of Privacy.

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) in that Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6. Plaintiff is a natural person who currently resides in San Diego, California and was obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency, is incorporated under the laws of Delaware, and operates from an address of 8014 Bayberry Road, Jacksonville, FL 32256, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages

in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

11. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

12. All of Defendant's various communications with Plaintiff described herein were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

13. Sometime before December 2015, Plaintiff incurred financial obligations to AT&T for wireless cellular telephone services for her account ending in 0716, which were primarily for personal and household purposes.

14. 15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes. The debts incurred by Plaintiff were for household goods and services, more specifically, personal cellular telephone services, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

15. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. Plaintiff is a natural person who incurred financial obligations for cellular telephone services, and therefore meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

16. Cal. Civ. Code § 1788.2(e) sets out the definition of "consumer credit transaction" as the acquisition of property, services or money on credit primarily for personal, family, or household purposes.  The debt incurred by Plaintiff was for cellular telephone services primarily used for personal, family, or household purposes, meeting the criteria for "consumer credit transaction" under Cal. Civ. Code § 1788.2(e)

17. Sometime before December 2015, Plaintiff failed to make a payment on her AT&T account resulting in a debt owed to AT&T in the amount of $84.22.

18. Plaintiff is informed and believes, and thereon alleges, that sometime before December 2015 and subsequent to failing to make a payment on the debt to AT&T, the debt was assigned, placed, or otherwise transferred to a third-party debt collector, AFNI, Inc. for collection.

19. Plaintiff was unaware that any debt associated with her account ending in 0716 existed until she was contacted by AFNI regarding the debt.

20. Upon learning of the outstanding debt, Plaintiff paid the entire amount due to AFNI on December 1, 2015.

21. AFNI provided Plaintiff with a receipt of payment and a verification that the account was closed and settled.

22. Plaintiff's checking account reflects a withdrawal of the entire amount owed to AT&T by AFNI, Inc. on December 2, 2015.

23. In May 2016, Plaintiff received a collection letter from Defendant dated May 11, 2016.

24. That collection letter listed a debt in the amount of $84.22 for Plaintiff's account ending in 0716.

25. The debt Defendant was attempting to collect was the same debt that Plaintiff had already settled in full with her payment to AFNI in December of 2015.

Complaint—4

26. Defendant knew or should have known that the debt had already been settled in full.

27. Plaintiff received calls on her cellular telephone from Defendant on May 11th, 12th, 16th, 18th, 26th, and 31st of 2016, each in an attempt to collect a debt that had already been settled in full.

### *Collection Letter from Defendant Dated May 11, 2016*

28. Plaintiff received a collection letter in the mail from Defendant, dated May 11, 2016, regarding Plaintiff's AT&T account ending in 0716.

29. The letter states "[o]ur records indicate that your balance with AT&T remains unpaid;…".

30. According to 15 U.S.C § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Similarly, 15 U.S.C § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

31. Defendant's statement that Plaintiff's balance with AT&T remains unpaid was false and deceptive as the entire balance had already been paid in December of 2015.

32. 15 U.S.C § 1692e(2)(a) prohibits the false representation of the character, amount, or legal status of any debt.

33. Defendant's statement that the amount of the debt was $84.22 and that the balance remained unpaid was a false representation of the character and amount of the debt, as the true amount of the debt was $0.00.

34. 15 U.S.C § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

35. Defendant threatened Plaintiff in the letter by stating "your delinquent account may be reported to the national credit bureaus."

Complaint—5

36. Defendant could in no way lawfully report Plaintiff's account to the national credit bureaus as delinquent since the account was already paid in full and not delinquent.

37. 15 U.S.C § 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

38. Defendant's attempt to collect a settled debt from Plaintiff via their letter dated May 11, 2016 and all of the calls they placed to Plaintiff was an unfair and unconscionable means to collect a debt.

39. Therefore, Defendant's letter and conduct described herein violated 15 U.S.C §§ 1692e, 1692e(10), 1692e(2)(a), 1692e(5), and 1692f.

40. In violating 15 U.S.C §§ 1692e, 1692e(10), 1692e(2)(a), 1692e(5), and 1692f, Defendant's actions also violated Cal. Civ. Code § 1788.17.

### *Telephone Call on May 31, 2016*

41. 15 U.S.C § 1692c(a)(1) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

42. On May 31, 2016, at 7:55 AM, PST, Plaintiff received and answered a call on her cellular telephone from Defendant.

43. The Caller ID listed Defendant's telephone number, 1 (800) 875-5164.

44. Plaintiff was asleep at her residence at the time Defendant placed the call and woke Plaintiff up. Plaintiff was suffering from a cold at the time and was sleeping in later than usual to rest due to her cold.

45. Plaintiff answered the phone and heard silence. Plaintiff said hello multiple times and Defendant never responded.

46. Plaintiff was upset and frustrated that her sleep was interrupted by Defendant regarding a debt she had already paid.

47. Plaintiff had already communicated to Defendant via correspondence that she had already paid the account and that she refused to pay again.

48. Defendant was aware that Plaintiff resided in a Pacific Standard Time zone as they mailed a letter to Plaintiff's residence.

49. Defendant had no reason to believe that communicating with Plaintiff via telephone before 8:00 AM was convenient.

50. Defendant was aware of the prohibition against contacting Plaintiff before 8:00 AM as they stated in a disclosure to Plaintiff in their collection letter dated May 11, 2016, "…collectors may not contact you before 8 AM or after 9 PM."

51. Defendant's call violated 15 U.S.C § 1692c(a)(1). In violating 15 U.S.C § 1692c(a)(1), Defendant's call also violated Cal. Civ. Code § 1788.17.

### *Telephone Consumer Protection Act*

52. At all times relevant to this Complaint, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

53. At all times relevant to this Complaint, Plaintiff was and is the regular and exclusive user of cellular telephone services within the United States and was the intended recipient of the calls she received.

54. At all times relevant to this Complaint, Defendant used, controlled, and/or operated "automatic telephone dialing systems" as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Illegal Auto-Dialed Collection Calls*

55. Beginning in or around May 2016, Defendant and its agents began calling Plaintiff's cellular telephone using telephone equipment that meets the

definition of an automatic telephone dialing system ("ATDS") as set out in the TCPA and regulations.

56. Plaintiff is the regular and exclusive user of a cellular telephone number (XXX) XXX-1013, where she received ATDS calls from Defendant, and is the sole and exclusive holder and user of said cellular telephone.

57. Defendant made at least six (6) unauthorized ATDS calls to Plaintiff's cellular telephone on May 11th, 12th, 16th, 18th, 26th, and 31st of 2016 in an attempt to collect a debt and in willful violation of the TCPA.

58. Each of those calls displayed the following telephone number in Plaintiff's Caller ID, 1 (800) 875-5164.

59. None of these ATDS calls were made with Plaintiff's prior express consent and all of these ATDS calls were made willfully.

60. Defendant was a stranger to Plaintiff and Plaintiff never authorized Defendant to call her cellular telephone using an ATDS.

61. Defendant placed these calls to Plaintiff's cellular telephone regarding a debt that Defendant knew or should have known was already settled in full.

62. Upon good faith information and belief, Defendant employed the use of a predictive dialer in making all or some of the calls complained of herein as Plaintiff heard long pauses or silence when she answered the phone.

63. Defendant's actions as described herein left Plaintiff feeling helpless and victimized, as she had already paid the debt Defendant was attempting to collect and was unable to stop the persistent and intrusive collection attempts.

64. Defendant's ATDS calls eliminated Plaintiff's right to be left alone.

65. These persistent autodialed collection calls eliminated the peace and solitude that Plaintiff would have otherwise had.

66. Defendant's actions constituted unauthorized use of, and interference with Plaintiff's cellular telephone service associated with the number ending in 1013 for which Plaintiff paid money.

67. Plaintiff's cellular telephone account was charged money for each call Defendant made to Plaintiff's cellular telephone.

68. Plaintiff's cellular telephone line was tied up each time Defendant placed a call to her cellular telephone.

69. The battery on Plaintiff's cellular telephone was drained each time Defendant placed a call to Plaintiff's telephone and every time Plaintiff answered her phone and spoke to Defendant.

70. Every time Plaintiff's battery on her cellular telephone was drained by Defendant's unauthorized calls, Plaintiff was required to recharge her phone, and Plaintiff paid the cost of the electricity required to recharge her phone.

71. Plaintiff was forced to waste her time and mental energy every time she heard her phone ring alerting her to an incoming call from Defendant and every time she answered her phone and spoke to Defendant.

72. Defendant's collection conduct with respect to Plaintiff in illegally collecting a debt, namely by placing calls in violation of the TCPA, is an unfair and unconscionable means of collecting a debt and therefore violates 15 U.S.C § 1692f, and by extension the RFDCPA.

73. The natural consequence of Defendant placing at least six (6) illegal calls to Plaintiff's cellular telephone, regarding a debt that Plaintiff did not owe and had already paid, was to annoy, harass, oppress, or abuse Plaintiff and therefore Defendant violated 15 U.S.C §§ 1692d, 1692d(5), and by extension the RFDCPA, Cal. Civ. Code § 1788.11(d).

74. Plaintiff felt frustrated and helpless as a result of the calls. The calls disrupted Plaintiff's daily activities and peaceful enjoyment of her personal and professional life.

75. In violating 15 U.S.C §§ 1692f, 1692d, and 1692d(5), Defendant's actions also violated Cal. Civ. Code § 1788.17.

76. All of the above-described calls made to Plaintiff by Defendant were made in made in willful violation of numerous and multiple provisions of the TCPA, FDCPA, and RFDCPA, as well as an invasion of her privacy.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 et seq.**

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

79. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

80. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

81. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

82. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant

to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### Third Claim for Relief—Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)(1)

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Within a four-year period immediately preceding this action, Defendant made at least six (6) calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA.

85. Within a four-year period immediately preceding this action, Defendant delivered an unknown number of prerecorded and/or synthesized messages to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA.

86. As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

87. Defendant did not have prior express consent from Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

88. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

89. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

90. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on Plaintiff cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

### Fourth Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion

91. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

92. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C § 1692(a) (emphasis added).

93. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C § 6801(a) (emphasis added).

94. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

95. Defendant interfered intentionally and/or, negligently, physically or otherwise with the solitude, seclusion, private concerns, and affairs of Plaintiff, namely, by sending Plaintiff a collection letter and repeatedly calling Plaintiff's cellular telephone in an effort to collect a debt that she had already paid. Defendant's conduct invaded Plaintiff's right to privacy and seclusion and on at least one occasion disturbed her sleep.

96. Defendant's engagement in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy

by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

97. Defendant's conduct impacted Plaintiff's personal life causing feelings of anger, frustration, helplessness, and stress.

98. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual and punitive damages from Defendant in an amount to be determined at trial.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

### Telephone Consumer Protection Act

7. an award of statutory damages of $500.00 per call pursuant to 47

|   |     |                                                                        |
|---|-----|------------------------------------------------------------------------|
|   |     | U.S.C. § 227(b)(3)(B) from Defendant;                                  |
|   | 8.  | an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) from Defendant; |
|   | 9.  | an injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a) |

**Invasion of Privacy by Intrusion Upon Seclusion**

10. for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy by intrusion upon seclusion in an amount to be determined at trial and for Plaintiffs; and

11. for such other and further relief as may be just and proper.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.


Dated:   May 8, 2017.            Law Offices of Roberto Robledo

                                 */s/ Roberto Robledo*

                                 Attorneys for Plaintiff

Complaint—14